Tom Kirkland v. John H. Carter, Jr., as administrator of Estate of L. Kirkland, deceased, and First National Bank of Marianna, Florida.

171 So. 767.
Division B.
Opinion Filed January 8, 1937.

*James N. Daniel,* for Appellant;
*Thomas E. Walker,* for Appellee.

Per Curiam.—The appeal here is from final decree, the pertinent part of which is as follows:

"The Court, therefore, finds that said gift of twenty-five hundred dollars from the said L. Kirkland to said Tom Kirkland as alleged in the Bill of Complaint is void and should be set aside and the same turned over and delivered to John H. Carter, Jr., as administrator of the estate of the late L. Kirkland. It is, therefore, ordered, adjudged and decreed that said gift of twenty-five hundred dollars is void and is hereby set aside and the said First National Bank of Marianna, Florida, a corporation, is hereby directed to turn over and deliver to the said John H. Carter, Jr., as administrator of the estate of L. Kirkland, deceased, the said twenty-five hundred dollars which the Court finds is on deposit in said Bank."

The decree was entered as the culmination of a suit instituted by the Bill of Complaint seeking to have an account-

ing from the defendant, Tom Kirkland, Appellant here, and an order of Court requiring him, the said Tom Kirkland, to pay over to the estate of L. Kirkland, deceased, the sum of $2,500.00.

The theory of the bill of complaint was that L. Kirkland, by reason of age and feebleness, became demented and that a short time prior to his death, and while he was in such feeble condition of mind and body as not to realize what he was doing, he had been persuaded to give Tom Kirkland, a grandson, a check for $2,500.00 on a bank in Dothan, Alabama, where the said L. Kirkland had deposited money from time to time until it had reached this amount, the same constituting his life's savings.

Tom Kirkland answered in effect denying the allegations of the bill of complaint in so far as it was alleged that L. Kirkland at the time of making the transfer of the money was of such unsound mind as not to be responsible for his acts, and alleged that at the time of making the alleged gift L. Kirkland was in full possession of his normal mental faculties and fully understood the nature and consequences of his act and that he made the check to Tom Kirkland freely and voluntarily as a gift and that such gift was made pursuant to an intention which L. Kirkland had long entertained.

The appellant has suggested three questions for our consideration, but we think the only question involved here is whether or not there was sufficient evidence establishing the allegations of the bill of complaint to support the decree. A perusal of the record discloses that there was ample evidence to support the decree of the Chancellor and, therefore, the decree should be and is affirmed.

So ordered.

Ellis, P. J., and Terrell and Buford, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.